# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : **Magistrate No. 16-mj-8099-01 (LDW)** |
| **Plaintiff,** | : |
| | : |
| **v.** | : **OPINION AND ORDER** |
| | : |
| **ROBERT SOMERS** | : |
| | : |
| **Defendants.** | : |
| | : |

**CLARK, Magistrate Judge**

      **THIS MATTER** is before the Court upon a Motion by Defendant, Robert Somers, ("Defendant") for reconsideration of bail pursuant to Title 18, United States Code, Section 3142(f) (2016). For the reasons set forth below, Defendant's motion is **DENIED**.

## I.      BACKGROUND

      On August 25, 2016, Defendant was charged in a one-count complaint with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. [Docket Entry No. 1]. On August 26, 2016, Defendant appeared before the Honorable Leda Dunn Wettre, and consented to detention without prejudice to present a bail package on short notice at a later date. [Docket Entry No. 5]. On September 1, 2016, at Defendant's request, a bail hearing was held before the undersigned pursuant to 18 U.S.C. § 3142(g). [Docket Entry No. 16]. Based on the arguments presented by counsel, and having considered the factors set forth in 18 U.S.C. § 3142(g), the Court found that no condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of the community, and the Court ordered that Defendant be detained without bail. [Docket Entry No. 17]. On October 19, 2016, Defendant filed a letter requesting a new bail

hearing pursuant to 18 U.S.C. § 3145(c).   [Docket Entry No. 21]. The government filed its opposition on October 20, 2016.   [Docket Entry No. 22]

## II.    DISCUSSION

Defendant's Motion is governed by federal statute and the local rules of this Court.   Under the applicable federal statute, a "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that *was not known to the movant at the time of the hearing* and that has a material bearing on the issue …" 18 U.S.C. § 3142(f) (emphasis added).   Further, Defendant's motion is governed by L. Crim. R. 1.1 which provides that L. Civ. R. 7.1(i) "is applicable in criminal cases tried in the District of New Jersey."   *United States v. Curry*, No. CRIM. 04-280, 2006 WL 1320083, at *1 (D.N.J. May 12, 2006).   Under Rule 7.1(i), a motion for reconsideration shall be *served and filed within 14 days* after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."   L. Civ. R. 7.1(i) (emphasis added).

Defendant's Motion for Reconsideration is denied because Defendant does not raise any new material facts that have not already been thoroughly considered and analyzed by this Court which were not known to the Defendant at the time of the bail hearing.   The focus of Defendant's argument is that he poses no risk of flight due to his ties to the community and his familial obligations.   [Docket Entry No. 21].   Defendant also argues that he is not a danger to the community if he is released because after he completed a prison sentence he cleaned up his life, moved into an apartment, got married, and was employed.   *Id.* at 4. At the bail hearing, the Court considered both arguments and determined that there was no combination of conditions that would assure Defendant's appearance or the safety to the community.   [Docket Entry No. 16].

The only new evidence Defendant submits in support of his request for reconsideration is

2

the following statement, "Mr. Somers (Defendant) was at the home of a lady friend the day of the robbery and she would testify to this."  [Docket Entry No. 21 at 4].  Defendant had ample opportunity to provide this information to the Court.  During the initial appearance, through counsel, Defendant advised the Court that he reviewed and understood the Complaint.  [Docket Entry No. 5, ecr].  The Complaint included the date and time of the alleged robbery.  [Docket Entry No. 1].  Defendant did not inform the Court that he had an alibi.  During the bail hearing, Defendant argued for release on the grounds that he was not a danger to the community and he did not pose a flight risk.  [Docket Entry No. 16, ecr].  Again, Defendant did not inform the Court that he had an alibi.  Defendant knew or should have known about the alibi at the initial appearance; if not, then he certainly knew or should have known at the bail hearing which was seven days later.  Even if Defendant was not aware of the alibi at the time of the hearings, the proffer does not have a *material* bearing on the issue whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community.   Defendant failed to set forth any new material facts that were not known at the time of the bail hearing.

Further, Defendant's Motion for Reconsideration is denied because it was not filed within the requisite 14 days required by L. Civ. R. 7.1(i).  When Defendant filed the Motion for Reconsideration more than six weeks had already elapsed since the original bail hearing.  Absent an acceptable justification provided by the rule, the motion is untimely.

## III.    CONCLUSION AND ORDER

In sum, Defendant's motion does not present any new material facts that were not known at the time of the bail hearing and is untimely.   Accordingly for all the foregoing reasons,

**IT IS** on this 21st day of October, 2016

**ORDERED** that Defendant's Motion for Reconsideration is **DENIED.**

s/   James B. Clark, III
_____
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**